UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mauricio O.D.,

      Petitioner,

v.

Mike Stasko, *Jail Administrator of Freeborn County Adult Detention Center*; Todd Blanche, *Acting U.S. Attorney General*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

      Respondents.

File No. 26-cv-2627 (ECT/SGE)

**ORDER**

Magistrate Judge Shannon G. Elkins issued a Report and Recommendation ("R&R") on July 9, 2026. ECF No. 9. In it, Judge Elkins determined that Petitioner Mauricio O.D. is not subject to mandatory detention under 8 U.S.C. § 1226(c) and that, on that basis, "Mauricio is entitled to a bond hearing." *See id.* at 4–8. Judge Elkins also determined that Mauricio's "mandatory detention pending removal violates his rights to procedural due process." *See id.* at 8–12. Considering the determination that Mauricio was entitled to a bond hearing based on the relevant statute, the constitutional determination was not necessary to the recommendation.

Respondents did not object to the R&R, meaning it is reviewed for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). I find no clear error regarding the statutory determination that Mauricio is entitled to a bond

hearing under 8 U.S.C. § 1226.  As Judge Elkins concluded, because Mauricio was charged under a Minnesota statute that does not include injury as an element of the offense, and because there is no record evidence showing that "serious bodily injury" resulted to another person as part of the underlying offense, "Mauricio's arrest for fifth-degree criminal sexual conduct alone does not establish that he was arrested for a crime that resulted in serious bodily injury as defined by the Laken Riley Act."  *See* R&R at 6–7; *see also* Minn. Stat. § 609.3451, subdiv. 1a(1); 8 U.S.C. § 1226(c)(1)(E)(ii).  Importantly, Respondents rely on only the Laken Riley Act to justify Mauricio's mandatory detention.  The resolution of this statutory-interpretation question in Mauricio's favor makes it unnecessary to consider or adopt the Petition's remaining grounds.

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.      The Report and Recommendation [ECF No. 9] is **ACCEPTED** as described above.

2.      Petitioner Mauricio O.D.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED**.  Petitioner shall receive an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days after issuance of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 23, 2026                                  s/ Eric C. Tostrud
                                                               Eric C. Tostrud
                                                               Chief Judge, United States District Court